THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DAVID JAMES                                                                                         PLAINTIFF

V.                                                                                                   2:07CV092

LAURENCE MELLEN, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
DISTRICT ATTORNEY, CIRCUIT COURT
DISTRICT 11, AND THE STATE OF
MISSISSIPPI, HALEY BARBOUR, GOVERNOR                                                                DEFENDANT

## ORDER

This cause comes before the court on the plaintiff's motions [2,17] for a preliminary injunction and for leave to take depositions and enlarge time to file a reply. The defendant has filed memoranda in response to both motions, and this court is prepared to rule.

This court begins its discussion with Mr. James' motion [17] for leave to take depositions in order to fully reply to the defendant's response to his motion for preliminary injunction. He asserts that none of the witnesses necessary for response will voluntarily provide an affidavit to support his reply. The court acknowledges his concern and does have discretion to order limited discovery; however, this court finds that engaging in the discovery process in this instance is contrary to the purpose of a preliminary injunction. Accordingly, the plaintiff's motion [17] for leave to take depositions and enlarge time to file his reply is DENIED.

The court now considers the plaintiff's motion [2] for a preliminary injunction. There are four requirements that must be met in order to obtain a preliminary injunction: 1) a substantial likelihood that the plaintiff will prevail on the merits; 2) a substantial threat that the plaintiff will

1

suffer irreparable injury if the injunction is not granted; 3) the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendant; and 4) that granting the preliminary injunction will not disserve the public interest. *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). The decision to grant or deny a preliminary injunction is within the discretion of the district court. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). A preliminary injunction is an extraordinary remedy which should only be granted if the party seeking the injunction has clearly carried the burden of persuasion on all four requirements. *Karaha Bodas Co.*, 335 F.3d at 363.

The plaintiff filed his motion for a preliminary injunction on May 31, 2007 to challenge his January 4, 2007 termination, which causes this court to begin its analysis with the second requirement of the test for preliminary injunctions. A plaintiff seeking a preliminary injunction must demonstrate that he or she will suffer irreparable injury if the injunction is not granted. Mr. James contends that he has been denied the right to earn a living solely because he has exercised his First Amendment right to qualify for public office. An injury is only irreparable if it cannot be undone through monetary remedies, and it is settled that loss of First Amendment freedoms for even minimal periods of time constitutes an irreparable injury. *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). However, it causes the court concern that Mr. James was terminated at the beginning of January, yet chose not to pursue injunctive relief until the end of May. Mr. James' failure to petition this court in a more timely manner indicates that the harm suffered is not so grievous or irreparable as to warrant injunctive relief. Mr. James' request for limited discovery further demonstrates that the contemplated harm

2

is not truly irreparable nor is time truly of the essence in the protection of his rights. Therefore, the court finds that the plaintiff's motion [2] for a preliminary injunction is DENIED. Discovery in this matter shall continue under standard court schedule.

    This the 19th day of July, 2007.

                                            /s/ Michael P. Mills
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**